Smith v Department of Educ. of the City of N.Y. (2025 NY Slip Op 07033)

Smith v Department of Educ. of the City of N.Y.

2025 NY Slip Op 07033

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-09068
 (Index No. 530162/23)

[*1]Melanie Smith, appellant, 
v
Department of Education of the City of New York, respondent.

Stewart Lee Karlin Law Group, P.C., New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Hannah J. Sarokin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.), the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated May 31, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
"It is the obligation of the appellant to assemble a proper record on appeal" (Ismail v Dowling, 240 AD3d 674, 675). "An appellant's record must contain all of the relevant papers that were before the Supreme Court" (id.; see CPLR 5526). "Where omission of relevant documents from the record renders meaningful review of the court's order virtually impossible, dismissal of the appeal is the appropriate disposition" (Sterling Trust Ltd. v Stern, 237 AD3d 1236, 1236 [brackets and internal quotation marks omitted]).
Here, the record on appeal is inadequate. The appellant failed to include, inter alia, her papers in opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. Under the circumstances, the appeal must be dismissed (see Ismail v Dowling, 240 AD3d at 675; Sterling Trust Ltd. v Stern, 237 AD3d at 1236).
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court